UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARRY J. BRANCH,

      Plaintiff,

v.                                          Case No: 8:21-cv-1647-WFJ-JSS

ARI D. EHRLICH,
BRIGITTE CURBELO,
O'NEAL JACKSON, and
NAPH-CARE,

      Defendants.
_____/

This cause comes before the Court on Plaintiff Harry J. Branch's Civil Rights Complaint (Doc. 3) filed under 42 U.S.C. § 1983.  Mr. Branch alleges that his First, Fourth, and Sixth Amendment rights were violated when he was a pretrial detainee at the Hillsborough County Jail on Falkenburg Road.  Because Mr. Branch fails to adequately plead his claims, he will be required to file an amended complaint if he desires to proceed in this case.

I.    **Legal Background**

A.    **Section 1915**

Under 28 U.S.C. § 1915A, federal courts must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its employee to determine whether they should proceed.  Upon review, a court is required to dismiss a complaint, or any portion thereof, in the following circumstances:

      (b)  Grounds for Dismissal.---On review, the court shall identify

> cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint---
> (1)  is frivolous, malicious, or fails to state a claim upon which
> relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from
> such relief.

*See also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an *in forma pauperis* proceeding under the same circumstances).  A complaint is frivolous if it is without arguable merit either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6).").  Additionally, courts must read a plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519–520 (1972).

### B.    Section 1983

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes."  *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990).  To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law."  *Id.* at 996–97.  Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights.  *Id.*

II.     **Analysis**

A.     **The Complaint**

Mr. Branch alleges that on March 15, 2021, he was near the corner of 12th Street and Adamo Boulevard in Tampa, when he encountered a friend who was unable to walk home.  Doc. 3 at 7.  He assisted the friend to a nearby bench.  *Id.*  Next, he took his friend's property "and added it to [his own,]" and then proceeded to walk home. *Id.*  He began to have a seizure.  *Id.*  Two police officers approached and inquired about his well-being.  *Id.* at 17.  They arrested him and transported him to the Hillsborough County Jail on Falkenburg Road.  *Id.* at 9.

For three days, Mr. Branch continued to have a seizure and intermittently lost consciousness.  *Id.* at 10.  Finally, on March 18, 2021, he was provided medication. *Id.*  He was transferred to a confinement block, where he was denied medicine, breakfast, and the opportunity to participate in salat and Ramadhan.  *Id.* at 10–11.

Mr. Branch filed a grievance with the jail chaplain, requesting permission to "mak[e] prayer on time."  *Id.* at 19.  As a result, during the last week of May and first week of June, "one officer allowed [him] to make prayer."  *Id.*

From April 17 to April 21, 2021, Mr. Branch had two seizures and missed court appearances.  *Id.* at 16.  On June 13, 2021, Mr. Branch was transferred to another housing unit where he was again denied medication.  *Id.* at 11–13.

Mr. Branch contends that "[his] injury is not physical but is an injustice just the same."  *Id.* at 14.  He wishes to be compensated for the colds he suffered, "time [lost]

from a private business," "the animals [he] was taking care of who are scattered about," and "the people [he] was able to help who have had no one they could be sure they could depend on." *Id.* at 16.

### B.   The Defendants

Mr. Branch sues Ari D. Ehrlich and Brigitte Curbelo in their official capacities as Tampa Police Officers.  He sues O'Neal Jackson in his official capacity as a Major Commander of the jail and in his individual capacity.  A claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Owens v. Fulton Cnty.*, 877 F.2d 947, 951 n.5 (11th Cir. 1989).  To attribute liability to the defendants in their official capacities, Mr. Branch must allege that "the moving force of the constitutional violation" was an official policy, custom, or practice adopted by the entity.  *See Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020).

Mr. Branch attributes no factual allegations to any specific defendant.  In fact, after listing the defendants' names on the complaint form, he does not again refer to any defendant by name in the complaint.  He does not explain how the defendants violated his constitutional rights.  Nor does he allege that an official policy or custom resulted in a constitutional violation.  Consequently, Mr. Branch's official capacity claims against Officers Ehrlich and Curbelo and Major Commander Jackson are dismissed.

Also, Mr. Branch sues Naph-Care, a private entity that (presumably) provides medical services to prisoners at the jail.  After listing Naph-Care as a defendant, Mr.

Branch does not again refer to Naph-Care in the complaint.  Mr. Branch alleges no facts to establish that Naph-Care acted under the color of state law to deprive him of a right protected by the Constitution or federal law.  *See e.g., Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1278 (11th Cir. 2003) ("[T]he mere fact that a private actor contracts with a governmental entity does not mean that every action taken by the private actor can be attributed to the government.").  To show a defendant acted under color state law, a plaintiff must allege a sufficient relationship between the defendant and the state.  *Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003).  Mr. Branch fails to allege that Naph-Care contracted with the state (or county) to provide medical services to prisoners at the jail.  Consequently, any claim against Naph-Care must be dismissed.

## C.   The Claims

Mr. Branch invokes his rights under the First, Fourth, and Sixth Amendments.[1] However, he has not clearly delineated any claim for relief or provided specific facts in support of any claim.  Nevertheless, federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework."  *Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (quotations omitted).

---

[1] Mr. Branch also cites Florida Constitution Article 1, Sections 2, 4, 9, 12, and 16a, as a statutory basis for his § 1983 claim.  Doc. 3 at 4.  However, a claim arising under state law is not cognizable under § 1983.  *Knight v. Jacobson*, 300 F.3d 1272, 1276 (11th Cir. 2002) ("Section 1983 does not create a remedy for every wrong committed under the color of state law, but only for those that deprive a plaintiff of a federal right.").

### 1.    Deliberate Indifference to a Serious Medical Need

Mr. Branch's allegations, although vague, primarily concern the defendants' failure to provide him adequate medication to treat his seizures.  The Court liberally construes his allegations as an attempt to state a claim for deliberate indifference to a serious medical need.  Because Mr. Branch is a pretrial detainee, such claim would arise under the due process clause of the Fourteenth Amendment.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009).

"A deliberate-indifference claim entails both an objective and a subjective component."  *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020).  "First, the inmate must establish an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm."  *Id.* (quotations and citations omitted).  "Second, the inmate must prove that prison officials acted with deliberate indifference to that need by showing (1) that they had subjective knowledge of a risk of serious harm and (2) that they disregarded that risk (3) by conduct that was more than mere negligence."  *Id.* (alterations, quotations, and citations omitted).  "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  *Jackson v. Papillon*, No. 21-11686, 2021 WL 5918424, at *2 (11th Cir. Dec. 15, 2021) (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)).

Mr. Branch vaguely alleges that he was denied adequate medication for seizures, although he supports this allegation with no details.  He alleges no facts to

establish a medical diagnosis mandating treatment or the defendants' subjective knowledge of a risk of serious harm that they disregarded.  In fact, he admits that he was provided medication on March 18, 2021.  Doc. 3 at 10.  He fails to allege sufficient facts to establish the elements of a claim for deliberate indifference to a serious medical need.  Therefore, any such claim must be dismissed.

### 2.    Violation of the Right to Free Exercise of Religion

Mr. Branch vaguely alleges that he was denied the opportunity to participate in salat and Ramadhan.  The Court liberally construes this allegation as an attempt to state a claim for the violation of his First Amendment right to freely exercise his religion. A prisoner retains his First Amendment right to freely exercise his religion. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Hakim v. Hicks*, 223 F.3d 1244, 1247 (11th Cir. 2000).  However, the right is not unrestricted because "federal courts must afford substantial deference to the judgment of prison authorities."  *Lawson v. Singletary*, 85 F.3d 502, 509 (11th Cir. 1996).  "A prison regulation, even though it infringes the inmate's constitutional rights, is an actionable constitutional violation only if the regulation is unreasonable."  *Hakim*, 223 F.3d at 1247.  Several factors are relevant to the reasonableness inquiry, including:

> (1) whether there is a valid, rational connection between the regulation and a legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the asserted constitutional right that remain open to the inmates; (3) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, inmates, and the allocation of prison resources generally; and (4) whether the regulation represents an exaggerated response to prison concerns.

*Id.* at 1247–48 (citations omitted).  "To plead a valid free exercise claim, a plaintiff 'must allege that the government has impermissibly burdened one of his sincerely held religious beliefs.'"  *Freeman v. Sample*, 814 F. App'x 455, 461 (11th Cir. 2020) (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1294 (11th Cir. 2007)).

Mr. Branch fails to allege sufficient facts to establish a violation of his First Amendment right to freely exercise his religion.  He alleges no facts to show that he sincerely holds religious beliefs that would involve participating in salat and Ramadhan.  Also, he fails to identify any prison regulation or policy that unreasonably prevented him from doing so.  In fact, he admits that one officer permitted him to pray during the last week of May and the first week of June.  Doc. 3 at 19.  Consequently, any claim for the violation of his right to freely exercise his religion must be dismissed.

### 3.    Denial of Access to the Courts

Mr. Branch vaguely alleges that he missed court appearances when he was held in the confinement block.  Doc. 3 at 16.  The Court liberally construes this allegation as an attempt to state a claim for denial of access to the courts.  "[P]risoners have a constitutional right of access to the courts."  *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)); *see also Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) ("Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment.").  "In some instances that right requires States to shoulder affirmative obligations to

assure that indigent prisoners have an adequate opportunity to present their claims fairly." *Id.* This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing them with adequate law libraries or adequate assistance from persons trained in the law." *Id.* (citations and alterations omitted). "However, in order to assert a claim arising from the denial of meaningful access to the courts, an inmate must first establish an actual injury." *Id.* "[T]he actual injury] requirement derives from the constitutional doctrine of standing." *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1271 (11th Cir. 2010).

"Actual injury may be established by demonstrating the inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by a deficiency in the prison library or in a legal assistance program or by an official's action." *Barbour*, 471 F.3d at 1225. "[A] litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." *Id.* at 1226. "The allegations about the underlying cause of action must be specific enough to give fair notice to defendants and must 'be described well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" *Cunningham*, 592 F.3d at 1271 (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)). An access-to-courts violation arises in limited types of cases: non-frivolous appeals in a criminal case, petitions for habeas corpus, and civil rights actions. *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir. 2008).

Mr. Branch fails to state a claim for denial of access to the courts. He fails to identify any actual injury he suffered as a result of missing court appearances. Furthermore, he fails to identify any colorable underlying claim for which he seeks relief that was purportedly frustrated or impeded by the defendants' conduct. Mr. Branch asserts no facts to challenge the validity of the underlying criminal proceedings. Consequently, Mr. Branch's access-to-the-courts claim must be dismissed.

### 4.    Fourth Amendment

Mr. Branch invokes his Fourth Amendment rights. The Fourth Amendment prohibits unreasonable searches or seizures. U.S. Const. amend IV. Mr. Branch may intend to assert a claim for false arrest or false imprisonment. "An arrest made without probable cause is an unreasonable seizure." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (11th Cir. 2019); *see also Marx v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990) ("A warrantless arrest without probable cause violates the Constitution and forms the basis for a section 1983 claim.").

"Where a police officer lacks probable cause to make an arrest, the arrestee has a claim under section 1983 for false imprisonment based on a detention pursuant to that arrest." *Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir. 1996). "An arrest made with probable cause, however, constitutes an absolute bar to a section 1983 action for false arrest." *Id.* "Probable cause to arrest exists if the facts and circumstances within the officers' knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense." *Id.*

Judicially noticed records from state court show that an information charges Mr. Branch with possession of a controlled substance, resisting an officer without violence, and corruption by threat against a public servant. *State v. Branch*, No. 21-CF-3087-A (Fla. 13th Jud. Cir.). Mr. Branch asserts no facts to challenge the constitutionality of his arrest or detention on these charges. He fails to allege that he was arrested without probable cause. Consequently, any claim arising under the Fourth Amendment for false arrest or imprisonment must be dismissed.

### 5. Sixth Amendment

Finally, Mr. Branch invokes his Sixth Amendment rights. The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend VI. To the extent Mr. Branch alleges a violation of his right to a speedy trial, "[t]he sole remedy for a violation of the speedy trial right [is] dismissal of the charges." *Betterman v. Montana*, 578 U.S. 437, 444, 136 S. Ct. 1609, 1615 (2016). To the extent Mr. Branch attempts to allege he was denied his right to counsel, there is no provision in the law for money damages for such a claim. *Stark v. Eighth Judicial Circuit*, No. 1:19-cv-258-MW-GRJ, 2020 WL 4607368, at *3, n.5 (N.D. Fla. July 1, 2020).

Mr. Branch alleges no facts to establish a plausible basis for relief under the Sixth Amendment.  Consequently, any claim arising under the Sixth Amendment must be dismissed.

### D.    Damages

Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  "The physical injury requirement is not a bar to filing suit, only a limitation on recovery.  And § 1997e(e) limits a prisoner only from recovering damages that redress, or compensate him for, a mental or emotional injury, when no physical injury is shown." *Hoever v. Marks*, 993 F. 3d 1353, 1360 (11th Cir. 2021) (*en banc*).

Mr. Branch fails to sufficiently plead a claim for compensatory damages because he does not allege that he suffered any physical injury.  In fact, he alleges that "[his] injury is not physical but is an injustice just the same." *Id*. at 14.  However, his failure to allege a physical injury does not preclude him from recovering nominal damages or injunctive relief.  *See Hoever*, 993 F. 3d at 1360.  Nominal damages "are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove an actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).

### E.    Leave to Amend

Because this is Mr. Branch's first complaint and the Court is conducting its required initial screening before any defendant has been served, it will permit Mr. Branch the opportunity to amend. If Mr. Branch can assert facts to state a claim for a violation of his constitutional or federal rights, as described above, he may amend his complaint.

Mr. Branch is cautioned that the factual allegations in his amended complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2). A complaint must give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. More than conclusory and vague allegations are required to state a cause of action under § 1983. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). In the amended complaint, Mr. Branch must identify each claim for relief, clearly state relevant facts that support each claim, and explain how each defendant was involved in the alleged constitutional violations.

III.   **Conclusion**

Accordingly, it is **ORDERED** that:

1.  The Complaint is **DISMISSED WITHOUT PREJUDICE**.

    a.  If Mr. Branch wishes to amend his complaint to remedy the noted deficiencies, he shall file an Amended Complaint within **THIRTY DAYS** of the date of this order.

b.  To amend his Complaint, Mr. Branch should complete a new civil rights complaint form, titling it "Amended Complaint."  The Amended Complaint must include all of Mr. Branch's claims in this action and may not refer back to, or incorporate, the original Complaint. The Amended Complaint shall supersede the original Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

c.  The Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2.  If Mr. Branch fails to file an Amended Complaint within thirty days, or fails to seek an extension of time to do so, this order dismissing the Complaint without prejudice will become a final judgment.  "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension.  And when the order becomes final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3.  Mr. Branch must advise the Court of any change of address.  He must entitle the paper "Notice to the Court of Change of Address" and must exclude any

motions from the notice.  Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4.  The Clerk is **DIRECTED** to mail to Mr. Branch a copy of both the standard prisoner civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida on January 19th, 2022.

*s/William F. Jung*

_____

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party